RECEIVED

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

JAN 15 PH 2: 09

U.S. COURT OF APPEALS
FOURTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

vs.                        Docket No: 18-7379

MARIO LAMAR WAIR,

      Defendant-Appellant

_____/

**MOTION AND INCORPORATED MEMORANDUM OF LAW**
**REQUESTING CERTIFICATE OF APPEALABILITY**
**PURSUANT TO TITLE 28 U.S.C. § 2253**

COMES NOW, Mario Lamar Wair ("Wair") with this his motion and

incorporated memorandum of law requesting a Certificate of Appealability

pursuant to Title 28 U.S.C. § 2253(c)(1) on the District Court's denial of Wair's

Title 28 U.S.C. § 2255. In support thereof, Wair provides as follows:

## SUMMARY OF THE PROCEDURAL HISTORY

Wair was charged in a six count second superseding indictment with counts

one and two, conspiracy to distribute and possess with intent to distribute cocaine

and cocaine base in violation of Title 21 U.S.C. § 846, 21 U.S.C. § 841(b)(1)(A),

and distribution of cocaine and cocaine base, all in violation of Title 21 U.S.C. §

841(a)(1) and § 841(b)(1)(B). (Doc. 185)[1]. After a jury trial, Wair was found

_____

[1] "Doc." refers to the district court's docket entries.

guilty. (Doc. 185). The jury determined that Wair had conspired to distribute 500 grams or more of cocaine and 280 grams or more of cocaine base. As to count two, the jury found Wair distributed a detectable amount of cocaine and 28 grams or more of cocaine base. (Doc. 185). Wair was sentenced to 180 months as to both counts to be served concurrently. (Doc. 373). On November 21, 2016, this court affirmed Wair's sentence and conviction. *United States v. Wair*, 666 F. App'x 250 (4th Cir. 2016). The United States Supreme Court denied a writ of certiorari on March 20, 2017. *Wair v. United States*, 137 S. Ct. 1360 (2017).

Wair proceeded via his Title 28 U.S.C. § 2255 alleging that his trial counsel rendered in effective assistance on two distinct claims:

1. Counsel rendered ineffective assistance when he failed to investigate the case law regarding the Public Authority defense prior to advising Wair whether to plead guilty or proceed to trial.

2. Counsel rendered ineffective assistance when he failed to advise Wair that by pleading guilty he could have mitigated his term of incarceration.

Wair supported his allegations with a detailed sworn affidavit and alleged the cumulative effect of counsel's errors warranted an evidentiary hearing. (Doc. 400). Although the Title 28 U.S.C. § 2255 contained a sworn affidavit addressing counsel's lack of preparation, conversations and alternative avenues that Wair would have pursued, (Doc. 400-1 at 22), including pleading guilty and not proceeding to trial. The government responded but did not obtain an affidavit from trial counsel to discredit Wair's affidavit (Doc. 407). Eventually, the District

Court denied the Title 28 U.S.C. § 2255 without an evidentiary hearing. (Doc. 410). A request for a certificate of appealability was also denied. (Doc. 410). Wair filed a timely notice of appeal. (Doc. 411). This timely request for a Certificate of Appealability follows.

## **SUMMARY OF THE FACTS**

In order to understand the argument raised below, a summary of the relevant facts is required to bring counsel's ineffectiveness into focus. Detective Shane Lettau, from the Baltimore Police Department (BPD), testified that on April 15, 2008, Wair was signed up as a confidential informant by Detective Charles Hagee. Hagee was deputized as a Drug Enforcement Agency (DEA) Task Force Officer.

In 2009, Wair was introduced to Agent Lettau who was becoming a member of the same DEA Task Force just as Hagee. The purpose of the introduction was to allow Hagee and Lettau to share Wair's services as a confidential informant. According to Lettau, the informant/agent relationship continued through October 14, 2009, at which time Wair allegedly "fell off the radar." Wair was deactivated as a confidential informant on January 18, 2012. Lettau attempted to locate Wair by checking the Central Booking or seeing if Wair had been arrested and by checking several police databases for possible changes of address, he never proceeded to Wair's residence nor did he ask Hagee if he was aware of Wair's

location.  Wair was never informed he had been deactivated as a confidential informant.

Lettau did not hear again regarding Wair until October 4, 2014, when he received a call from BPD Detective Kenny Ramburg that Wair had been arrested for possession of crack cocaine.  Wair advised Ramburg that he was an informant for Lettau and Hagee.  Lettau told Ramburg, that Wair was deactivated and had not worked for them as a CI for over two years.  Hagee was contact with Wair periodically over the years, as recently as late 2013 or as early as 2014, but claimed that Wair was not working for him as an informant during 2013 or 2014.

Wair's trial testimony was substantially different.  Wair testified how he met Hagee in 2002 when he was arrested and how in 2004 he agreed to become a confidential informant so that he could be "free from the sentence" he received as a result of a 2002 arrest.  Wair maintained "constant contact" with Hagee from 2004 onward.  He formally signed up as an informant with Hagee in 2008 and continued working with Lettau, however, denied that he ever stopped working with Hagee and Lettau on or about 2009.

Instead, he testified in detail how he continued to work with Hagee up until the date of his arrest on February 4, 2014, and "beyond."  He described in detail the nature of his relationship with Hagee, how they worked together during the entire

4

period and how Hagee would pay him for his efforts during this time. Wair confirmed that he was not aware that he had been activated.

Since Wair was under the impression he was still an active informant, he was advised by this trial counsel that a Public Authority defense was available at trial. As part of this strategy, counsel, the Government and the Court all discussed Wair's intention to present the Public Authority defense. At the conclusion of the discussion, the Court indicated that *unless* Wair could establish that on February 4, 2014, he was acting in *reliance of mutual authority bestowed upon him by Hagee*, then the Court would instruct the jury to disregard Wair's belief that he was operating as a CI when he considered the charges against him. This decision was critical as is required Hagee *to have the authority* to direct Wair to act as an informant.

At the close of the evidence, the Court determined that Wair had not established the elements of the Public Authority defense and instructed the jury to disregard his defense. This instruction was devastating to Wair's defense since the whole trial strategy was based on the Public Authority defense as per counsel's advise.

## ARGUMENT

### A. Standard of Review for Granting a Certificate of Appealability

Before Wair can appeal the denial of his Title 28 U.S.C. § 2255 petition, he

must first show a violation of a substantial constitutional right.

Specifically, Title 28 U.S.C. § 2253(c)(1) reads:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 [28 USCS § 2255] before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings. (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

> (B) the final order in a proceeding under section 2255.

> (2) A certificate of appealability maybe issued under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

*Id.* 28 U.S.C. Section 2253

The Supreme Court set forth the relevant standard in *Barefoot v. Estelle*, 463

U.S. 880 (1983), requiring a "substantial showing of the denial of a *federal right.*"

The Anti Terrorism and Effective Death Penalty Act's, (AEDPA), "substantial

showing of the denial of a constitutional right" standard has been interpreted to

codify the *Barefoot* standard, at least insofar as constitutional claims are at issue.[2]

The Court *has* addressed the applicability of section 2253(c) to non-

constitutional, procedural issues.  In *Slack v. McDaniel*, 529 U.S. 473 (2000) the

Court held that "when the District Court denies a habeas petition on procedural

grounds without reaching the petitioner's underlying constitutional claim, a COA

should issue (and an appeal of the district court's order may be taken) if the

prisoner shows, at least, that jurists of reason would find it debatable whether the

---

[2] To obtain a COA under § 2253(c) a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot,* includes showing that reasonable jurists could debate whether, (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further." ... Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253 is straightforward: "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." (quoting *Barefoot*, 463 U.S. at 893, & n.4)); *Johnson v. Moore*, 97-33, No. 97-7801, 1998 U.S. App. LEXIS 23907, at *12 (4th Cir. Sept. 24, 1998), *cert. denied*, 526 U.S. 1042 (1999); *Carson v. Dir. of the Iowa Dep't of Corr. Servs.*, 150 F.3d 973, 975 (8th Cir. 1998), *cert. denied*, 525 U.S. 1079 (1999) rejecting State's argument that district court applied erroneous standing in granting certificate of appealability on ground that "Carson had made "a substantial showing that reasonable courts might differ" as to whether the jury instructions violated his due process rights. Contrary" although district court erred in finding that petitioner's showing of denial of constitutional right was "substantial" court of appeals affirms grant of certificate of appealability because "certificate is 'regular on its face and not procedurally defective'"); *Boyd v. French*, 147 F.3d 319, 325 n.4 (4th Cir. 1998), *cert. denied*, 525 U.S. 1150 (1999) (regardless of whether applicable standard is AEDPA's certificate of appealability or pre-AEDPA "certificate of probable cause to appeal, petitioner made a substantial showing of the denial of a constitutional right.")

petition states a valid claim of the denial of a constitutional right, and that jurists of

reason would find it debatable whether the district court was correct in it's ruling.[3]

---

[3] *See also Id.* at 484-85 (Determining whether a COA should issue where the
petition was dismissed on procedural grounds has two components, one directed at
the underlying constitutional claims and one directed at the district court's
procedural holding. Section 2253 mandates that both showings be made before the
court of appeals may entertain the appeal. Each component of the § 2253(c)
showing is part of a threshold inquiry, and a court may find that it can dispose of
the application in a fair and prompt manner if it proceeds first to resolve the issue
whose answer is more apparent from the record and arguments. The recognition
that the "Court will not pass upon a constitutional question although properly
presented by the record, if there is also present some other ground upon which the
case may be disposed of," *Ashwander v. TVA*, 297 U.S. 288, 347 (1936) (Brandeis,
J. concurring), allows and encourages the court to first to resolve the procedural
issue. The *Ashwander* rule should inform the court's discretion in this regard.") *Id.*
at 489-90 (because petitioner "has demonstrated that reasonable jurists could
conclude that the District Court's abuse of the writ holding [dismissing claims as
abusive] was wrong," case is remanded to court of appeals to resolve other prong
of two-part standard for issuance of COA, regarding debatability of petitioner's
underlying constitutional claim); *Petrocelli v. Angelone*, 248 F.3d 877, 884 (9th
Cir. 2001) (same as Lambright v. Stewart, infra); *Evicci v. Comm'r of Corr.*, 226
F.3d 26, 27-28 (1st Cir. 2000) (per curiam) (emulating Court's "practical
approach" in Slack v. McDaniel, supra and granting certificate of appealability and
reversing and remanding, even though record does not permit determination that
constitutional claim is substantial, because district court's erroneous dismissal of
claim on procedural grounds is best remedied by "remand[ing] for further
development of the constitutional issue"); *Lambright v. Stewart*, 220 F.3d at 1026-
27 ("[When] the district court has dismissed a claim on a procedural ground
without providing the petitioner an opportunity to develop the factual or legal basis
through full briefing and an evidentiary hearing... we need not remand for full
briefing to determine whether a COA can issue. Rather, as to two other circuits
have recently held we will simply take a 'quick look' at the fact of the complaint
to determine whether the petitioner has 'facially allege[d] the denial of a
constitutional right.' *Jefferson v. Welborn,* 222 F.3d 286, 289 (7th Cir. 2000); *see
also Franklin v. Hightower*, 215 F.3d 1196, 1199-1200 (11th Cir. 2000), *cert.
denied*, 121 S.Ct. 1738 (2001 If he has facially alleged the denial of a

Unlike the pre-AEDPA certificate of probable cause to appeal, a certificate of appealability must specify each claim that meets the "substantial showing" standard and may not simply find that the overall habeas corpus petition or Title 28 U.S.C. § 2255 motion meets the standard. Some courts have interpreted this requirement of a specification of claims that meet the "substantial showing" standard to forbid appellate review of claims that do not meet the standard.[4]

Section 2253(c)(1) limits the authorities that can issue a certificate of appealability to "a circuit justice or judge," a phrase that can (but need not) be read to mean "a circuit justice or [circuit] judge"; but Rule 22(b) of the Federal Rules of Appellate Procedure says that the district judge is required to rule on the certificate

---

constitutional right, and assuming that the district court's procedural ruling is debatable, we will grant COA.") *Id*. at 1127 n.5.

[4] *See, e.g., Harris v. Bowersox,* 184 F.3d 744, 748 (8th Cir. 1999), c*ert. denied,* 528 U.S. 1097 (2000) (limiting review to "issues specified in the certificate of appealability"); *Boysiewick v. Schriro*, 179 F.3d 616, 622 (8th Cir. 1999), *cert. denied*, 528 U.S. 1141 (2000); *Burns v. Gammon*, 173 F.3d 1089, 1090 n.2 (8th Cir. 1999) (rejecting petitioner's argument that grant of certificate of appealability on one or more issues permits briefing and judicial review of other issues for which Certificate of Appealability was denied); *Bui v. Dipaolo*, 170 F.3d 232, 237 (1st Cir. 1999), *cert. denied*, 529 U.S. 1086 (2000)("court of appeals should not consider the merits of an issue advanced by a petitioner unless a COA first has been obtained with respect that issue").

application in the first instance, and it is only in the event of a denial by the district

judge that the certificate application goes to a circuit judge for a ruling.[5]

Although some district court opinions issued shortly after the AEDPA's

enactment reached the conclusion that district judges lack the power to issue a

certificate of appealability,[6] every circuit court that has addressed the issue has

concluded that the district court may, and should, issue a certificate of appealability

in the first instance.[7]

---

[5] *See, e.g., Houchin v. Zavaras,* 107 F.3d 1465, 1468-69 (10th Cir. 1997) ("The AEDPA contains conflicting statements regarding whether a petitioner may seek a certificate of appealability from the district court…. The internal inconsistencies between amended § 2253 and Rule 22 are readily apparent.")

[6] *See e.g., Witt v. Edwards,* 1996 U.S. LEXS 18609, at *4-*5 (N.D. Ohio Dec. 12, 1996), *aff'd on other grounds,* 142 F.3d 438 (6th Cir. 1998) (resolving "certificates of appealability in § 2254 appeals under the provisions of the AEDPA" and consequent "to whether the district court has authority to issue a certificate of appealability" by holding that "district court's lack jurisdiction to issue COA's)" *Burke v. United States,* CIVIL ACTION NO. 96-3249, CRIMINAL ACTION NO. 92-268-1, Criminal Action No. 92-268-1, 1996 U.S. Dist. LEXIS 17933, at *2-9 (E.D. Pa. Dec. 4, 1996) (after noting that AEDPA provisions are "unfortunately ambiguous with respect to whether the district court has authority to issue a certificate of appealability" and that federal courts are divided on issue, court concludes that it lacks such authority); *Johnson v. Reynolds,* No: CIV-94-121C (W.D. Okla. Sept. 26, 1996); *United States v. Cota-Loaiza,* 936 F. Supp. 756, 759 (D. Colo. 1996).

[7] *See, e.g., United States v. Williams,* 158 F.3d 736, 742 n.4 (3rd Cir. 1998) ("unsuccessful movant in a section 2255 case should in the first instance seek a certificate of appealability from the district court"); *Grant-Chase v. Commissioner,* 145 F.3d 431, 435 (1st Cir. ), *cert. denied,* 525 U.S. 941 (1988) ("[W]e observe that every court of appeals that has considered the question has concluded that a district judge may issue a COA… [W]e endorse the[se] views… and explicitly now hold

**B. A certificate of appealability is required to allow the matter to proceed further since counsel had an obligation to familiarize himself with the Public Authority defense prior to advising Wair to proceed to trial.**

Here the question that clarifies the matter is rather simple. Did counsel provide proper advice to Wair on how to proceed at trial regarding the application of the Public Authority defense? Based on the facts of this case, counsel made one critical error, he failed to investigate whether Hagee had the authority[8] to direct Wair to conduct a drug transaction while acting as an informant. Since Wair was a confidential informant and was working under the authority of Hagee, the Public Authority defense was the chosen strategy. Hagee was directing Wair to initiate and conduct narcotics transactions and report to him once the transactions were complete. The advice to Wair was that the Public Authority defense allowed Wair to seek exoneration based on the fact that he reasonably relies on the authority of a government official to engage him in covert activity. *See United States v. Fulcher*, 250 F.3d 244, 253 (4th Cir. 2001).

However, that advice was in error based on counsel's failure to prepare and research the relevant case law on the matter. Counsel never investigated whether Hagee or Lettau had the authority to direct Wair to initiate a drug transaction, even if for cooperation purposes. Hagee had the authority to permit controlled

---

that a district judge has the authority under the AEDPA to issue a COA under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b).))

[8] Hagee did not have the authority to direct Wair to conduct a drug transaction.

purchases by a Wair only under "very strict circumstances." In essence, trial counsel failed to inquire that not only Hagee not have the authority to permit Wair to conduct controlled purchases as per his cooperation agreement, but even if he directed Wair to conduct the illegal transactions, ***Hagee did not have the authority*** to direct those transactions. The Public Authority defense could only apply "if Hagee had the authority" to direct Wair, which he did not have. All that was required was a review of the cooperation agreement and the defense of the case would have been disseminated entirely. Wair provided a sworn affidavit that he would not have proceeded to trial had he known that the Public Authority defense did not apply to his case. Wair had no other defense and would have benefited from accepting a plea offer.

Public Authority defense requires a reasonable reliance upon the actual authority of a government official to engage him in covert activity. *United States v. Pitt*, 193 F.3d 751, 758 (3d Cir. 1999) (public authority defense is limited "to those situations where the government agent, in fact, had the authority to empower the defendant to perform the acts in question"); *United States v. Matta Ballesteros*, 71 F.3d 754, 770 n.12 (9th Cir. 1995) ("CIA agent could not lawfully authorize the violation of the federal drug laws," the defense of public authority was not available); *United States v. Holmquist*, 36 F.3d 154, 161 nn.6-7 (1st Cir. 1994) ("nonexistent defense of apparent public authority . . . must not be confused with

the potentially viable defense of actual public authority which may come into play when a defendant undertakes certain acts, reasonably relying on the statements of a government agent cloaked with actual authority."); *Baptista-Rodriguez*, 17 F.3d at 1368 n.18. ("If the agent had no such power, then the defendant may not rest on the 'public authority'; reliance on the apparent authority of a government official is not a defense in this circuit, because it is deemed a mistake of law, which generally does not excuse criminal conduct.").

The District Court erred in not inquiring with trial counsel what strategy, if any, he followed in not reviewing the confidential agreement executed by Wair. If counsel failed to review the agreement, then counsel rendered ineffective assistance when he advised Wair to proceed to trial. Had counsel told Wair that the Public Authority defense could not be presented, Wair would have avoided a trial, pled guilty and would have accepted responsibility, thus mitigating his sentence even further. (Doc. 400-1 at 22). Ineffectiveness was shown, prejudice was evident, yet the District Court denied the Title 28 U.S.C. § 2255 without a hearing or inquiring with counsel. In essence, counsel's failure to advise Wair on the fact that his only avenue of defense would not be accepted, caused Wair to proceed to trial with a meritless defense.

As such, this court must agree that Wair has pled an actual allegation of ineffective assistance that required a hearing in the District Court. As raised, the

matter requires the granting of a certificate of appealability as the matter merits

encouragement to proceed further. *Slack* at 475.

**C. A certificate of appealability is required to determine if counsel rendered ineffective assistance when he failed to advise Wair that the Public Authority defense could not be utilized and that he should plead guilty to mitigate his term of incarceration.**

Counsel's failure to prepare for trial had another devastating effect on Wair's

sentence. Counsel did not advise Wair that he should have pled guilty, mitigated

his sentence and not proceed to trial since his only defense strategy would not

work.

In preparation for trial, Wair discussed with counsel that based on his

agreement with Hagee, that a Public Authority defense could be applied. Wair had

never been arrested and charged in federal court and was not familiar with the

Federal Sentencing Guidelines and the effect they would have on his final

sentence. There was no explanation of the guidelines and the acceptance of

responsibility section and how, by pleading guilty, regardless of the trial defense,

how Wair could have mitigated his overall term of incarceration by reducing this

guideline by 3-levels if he accepted responsibility. None of these possible

scenarios were explained to Wair. (Doc. 400-1 at 22).

In order to prevail on [an ineffective counsel argument], Wair must show that

his attorney made 'errors so serious that counsel was not functioning as the counsel

guaranteed ... by the Sixth Amendment' and that "counsel's" errors were

prejudicial; that is, "so serious as to deprive Wair of a fair trial, a trial whose result is reliable." *Strickland v. Washington,* 466 U.S. 668, 687, (1984). Here the ineffectiveness was evident. Counsel's failure to prepare and provide adequate advice, led Wair to the improbable path of proceeding to trial when no possible defense existed.

In Wair's cause, he must only show that there is a "reasonable probability" that the results of his decision to proceed to trial would have been different, Id. *Williams v. Taylor*, 529 U.S. 362, 386, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) and based on the difference in sentencing guideline ranges, there could be no doubt that a different outcome is evident. (Doc. 400-1 at 22). Based on the record and the files before the District Court, there is a reasonable probability that counsel's actions reached a level of ineffectiveness as enumerated in *Strickland.* In fact, there could be no strategic reason why counsel failed to explain the implications of the guidelines acceptance of responsibility. *United States v. Acklen*, 47 F.3d 739, 743-44 (5th Cir. 1995) (remanding for an evidentiary hearing where there was nothing in the record to indicate counsel's failures were attributable to strategic choice among all plausible alternatives available for defense); *United States v. Dawson*, 857 F.2d 923, 929 (3d Cir. 1988) (absent evidence in the record, "this court will not speculate on trial counsel's motives"); *Nichols v. United States*, 75 F.3d 1137 (7th Cir. 1996). The sworn affidavit provided by Wair was not

discredited. There was no explanation from counsel if he ever considered

reviewing Hagee's cooperation agreement with Wair, the case law on the Public

Authority defense or the guidelines and their application to Wair's case. The recod

is devoid of such information since the court did not address an evidentiary hearing

on the Title 28 U.S.C. § 2255. Accordingly, Wair respectfully prays this Honorable

Court to determine that counsel's actions have reached the level of ineffectiveness

and remand for an evidentiary hearing on the merits raised herein.

As such, this court must agree that Wair has pled an actual allegation of

ineffective assistance that required a hearing in the District Court. As raised, the

matter requires the granting of a certificate of appealability as the matter merits

encouragement to proceed further. *Slack* at 475.

## CONCLUSION

WHEREFORE, Mario Lamar Wair respectfully prays this Honorable Court

will issue a Certificate of Appealability to allow this Court to address the extent of

ineffectiveness that is being suffered by Wair, remanding the matter to the Districtr

Court to address an evidentiary hearing.

Done this ___9___, day of January 2019

_____
Mario Lamar Wair
Register Number: 58050-037
FCI Williamsburg
P.O. Box 340
Salters, SC  29590

## CERTIFICATE OF SERVICE

I HEREBY DO CERTIFY, that a true and correct copy of this Final Change of Address was mailed to the listed party utilizing the Federal Prison's Legal Mail system with sufficient First Class Postage prepaid to: Brandon K. Moore, Assistant United States Attorney, 36 S. Charles Street, Fourth Floor, Baltimore, Maryland 22120.

Done this ___ day of Janury 2019.

_____
Marlo Lamar Wair
Register Number: 58050-037
FCI Williamsburg
Satellite Camp
P.O. Box 340
Salters, SC  29590